759 So.2d 1264 (2000)
Floyd LEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00608-COA.
Court of Appeals of Mississippi.
May 23, 2000.
*1265 Stan Perkins, Greenville, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Floyd Lee was convicted by a Bolivar County jury of simple possession of cocaine. He appeals asserting that his right to a speedy trial was violated. We find this argument is without merit and affirm.

FACTS
¶ 2. Floyd Lee was previously convicted of possession of cocaine and marijuana and possession of a firearm by a convicted felon. While that case was on appeal[1], Lee was released on bond. On September 17, 1996, approximately one month after Lee posted his bond, David James, an investigator for the Bolivar County District Attorney, and Deputy Gerald Wesley went to Lee's residence. The record does not make the purpose of James and Wesley's visit clear, but it apparently was in connection with Lee's prior conviction.
¶ 3. James testified that he went to the rear of Lee's residence and was standing outside the fence when he observed a man open the back door and toss a bottle across the fence onto a mound of dirt. James called Wesley over and Wesley identified Lee. James told Wesley that Lee had just "thrown his dope out in front of him." While Wesley was watching Lee, James proceeded to the dirt mound where he picked up a white aspirin bottle and handed it to Wesley. Wesley opened the bottle and observed what he thought was crack cocaine. Lee was then handcuffed and placed under arrest. He was charged with possession of cocaine with the intent to distribute.
¶ 4. Lee was kept incarcerated without charges being filed until a formal affidavit was submitted to the Bolivar County Justice Court on February 20, 1997, some five months after his arrest. On March 10, *1266 1997, Lee filed a petition for a writ of habeas corpus, seeking to have the charges dismissed. The writ was issued on March 13, 1997, and a hearing held on March 19, 1997. The record does not contain a ruling on Lee's petition, but it is apparent that it was not granted since Lee remained incarcerated until he was finally indicted on October 7, 1997.
¶ 5. Lee filed a motion to dismiss for speedy trial violations which was denied by the trial court on November 7, 1997. Lee was tried on November 19, 1997, where he was convicted of simple possession of cocaine and was sentenced as a habitual offender to six years imprisonment without benefit of probation or parole and fined $30,000. Lee appeals.

DISCUSSION
¶ 6. On appeal Lee's only assignment of error is that the trial court erred in failing to dismiss the charge because of speedy trial violations. Necessary to understand that issue is the effect of the State's failure to provide Lee with an initial appearance. We address this issue first.

I. Initial Appearance
¶ 7. When a suspect is arrested, he is entitled to be taken before a judicial officer in order to "secure to the accused prompt advice of his right to counsel by a judicial officer, one who has no professional duty nor personal inclination to try and exact from the accused a waiver of that right." Nicholson v. State, 523 So.2d 68, 77 (Miss.1988). The relevant court rule states this:
Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance.
Upon the defendant's initial appearance,... the defendant shall be informed of the charges against him/her and provided with a copy of the complaint. If the arrest has been made without a warrant, the judicial officer shall determine whether there was probable cause for the arrest and note the probable cause determination for the record. If there was no probable cause for the warrantless arrest, the defendant shall be released.
URCCC 6.03.
¶ 8. Quite obviously, Lee was not given an initial appearance in accordance with the Rules. In fact, there was no formal complaint against Lee until five months following his arrest. During this five month period Lee languished in jail awaiting some action by the State to charge him with a crime. The State's inaction here is troubling. Still, Lee was eventually given a hearing before the Bolivar County Justice Court in which probable cause for his arrest was found.
¶ 9. The failure to provide a prompt initial appearance does not necessarily entitle him to have his conviction overturned. The United States Supreme Court has held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
¶ 10. Beyond the fact of incarceration itself, Lee has not shown that he was prejudiced by this delay. In essence Lee argues that he was illegally detained, and through this detention and delay was irrevocably prejudiced. This, however, is not enough. As the Supreme Court has stated,
Thus, as the Court of Appeals noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.
Gerstein v. Pugh, 420 U.S. 103, 118-19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (citations omitted).
*1267 ¶ 11. The denial of a preliminary hearing does not justify reversal of a conviction unless the defendant can prove prejudice to the merits of the defense case. Esparaza v. State, 595 So.2d 418, 423 (Miss.1992). Lee asserts that the failure by the State to provide a prompt initial appearance prejudiced the merits of his case. However, he provides no evidence of such prejudice, a point that we examine more thoroughly in the section regarding the speedy trial issue.
¶ 12. The State's argument concerning this issue is as unpersuasive as Lee's. The State argues that Lee was not illegally detained, but rather was incarcerated because he violated the terms of his appeal bond. The State argues that no illegal detention occurred because Lee had no right to remain free.
¶ 13. As noted above, Lee had been convicted of a felony and was granted bail while his conviction was appealed. The statutory authority for granting bail on appeal provides this:
A person convicted of any felony ... shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, within the discretion of a judicial officer, if the convict shows by clear and convincing evidence that release of the convict would not constitute a special danger to any other person of the community, and that a condition or combination of conditions may be placed on release that will reasonably assure the appearance of the convict as required, and only when the peculiar circumstances of the case render it proper.
Miss.Code Ann. § 99-35-115(2)(a) (Supp. 1999). The appeal bond is a guarantee that the convict will appear to serve his sentence should his appeal be unsuccessful. The bond is not in the record, but there is nothing explicit in the appeal bond statute that would indicate revocation of this bond is appropriate because of Lee's subsequent criminal behavior.
¶ 14. As the authority for revoking the bond, the State points to the state constitution:
If a person charged with committing any offense that is punishable by death, life imprisonment or imprisonment for one (1) year or more in the penitentiary or any other state correctional facility is granted bail and (a) if that person is indicted for a felony committed while on bail; or (b) if the court, upon hearing, finds probable cause that the person has committed a felony while on bail, then the court shall revoke bail and shall order that the person be detained, without further bail, pending trial of the charge for which bail was revoked.
Miss. Const. art. 3, § 29(2) (Rev.1998). Unfortunately, neither option applies there was neither an indictment nor a hearing that found probable cause that a new offense had been committed.
¶ 15. Lee's petition for a writ of habeas corpus apparently should have been granted unless the State complied with its procedural obligations. That failure notwithstanding, Esparaza at the state level and Gerstein from the United States Supreme Court indicate that Lee is not entitled to have his conviction set aside on this basis.

II. Speedy Trial
¶ 16. We turn now to the speedy trial issue. We first identify the date on which the pages of the speedy trial calendar began to turn as to this offense. Generally speaking, the starting point is the date when a defendant is first effectively accused of the offense, which is the earlier of the date of arrest or the date of indictment or other formal charge. Beavers v. State, 498 So.2d 788, 790 (Miss.1986). Thus, the starting date is September 17, 1996, the date of Lee's arrest.
¶ 17. Once the starting point has been established, we turn to the balancing test enumerated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Barker Court set forth four factors to consider in a speedy trial challenge: *1268 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right to a speedy trial, and 4) the prejudice resulting to the defendant. Id. at 530.
¶ 18. There is no mechanical formula that details how each of these factors is to be balanced. The weight given each necessarily turns on the peculiar circumstances of each case, the quality of evidence available on each factor and, in the absence of evidence, identification of the party with the risk of non-persuasion. Jaco v. State, 574 So.2d 625, 630 (Miss. 1990). No one factor is dispositive. The whole requires a careful weighing and balancing, and a trial judge's finding is entitled to the same deference as a jury's verdict and will not be reversed on appeal unless manifestly wrong. Walters v. Patterson, 531 So.2d 581, 583 (Miss.1988).

A. Length of Delay
¶ 19. This factor is essentially the triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiring into other factors that go into the balance. Barker, 407 U.S. at 530, 92 S.Ct. 2182. The time between Lee's September 17, 1996, arrest and the start of his trial on November 19, 1997, is presumptively prejudicial. See Jenkins v. State, 607 So.2d 1137, 1139 (Miss.1992) (8 month delay creates presumption of prejudice). Therefore, the Barker factors are triggered and further evaluation is required.

B. Reason for the Delay
¶ 20. The reason for the delay is in part the oversight by the Bolivar County Sheriff's Department. Apparently the investigator failed to send the seized contraband to the state crime laboratory for analysis. The trial court determined that this was negligence but not the result of any bad faith, ulterior motive or attempt to gain an advantage for the State. We find that there is nothing in the record to dispute this finding.
¶ 21. Where the defendant has not caused the delay and the State does not show good cause for that delay, this Court weighs this factor against the prosecution. Handley, 574 So.2d at 676. However, any delay unintentionally caused by the State will not be weighed as heavily against the prosecution as where the delay was intended to hurt the defendant's case. Williamson v. State, 512 So.2d 868, 876 (Miss. 1987).
¶ 22. The delay must be weighed against the State and in Lee's favor, as was done by the trial court.

C. Defendant's Assertion of His Right to a Speedy Trial
¶ 23. Lee's motion to dismiss was filed on November 5, 1997, just two weeks before his trial. While the defendant's late assertion of his right to a speedy trial weighs against him, it is not fatal to his claim. Smith v. State, 550 So.2d 406, 409 (Miss.1989).

D. Prejudice to the Defendant
¶ 24. There are three interests that the right to a speedy trial protects deterring oppressive pretrial incarceration, decreasing anxiety and concern, and limiting the likelihood that the defense will be prejudiced. Barker, 407 U.S. at 532, 92 S.Ct. 2182. "The third interest is the most important because it protects the defendant's right and ability to adequately prepare his case." Birkley v. State, 750 So.2d 1245, 1252 (Miss.1999).
¶ 25. Addressing the interests in turn, Lee's pre-trial incarceration was improper from 48 hours after his arrest until February 1997. It might even qualify as "oppressive." Lee appears at least on this record to have been unfairly lost in the system. Yet the unfairness is not as important as other components of the prejudice. Even after the failure to grant a preliminary hearing, the delay was fourteen months. That over-all delay is comparable or less than other cases in which the accused had been given a prompt probable *1269 cause hearing. Id. at 1249 (thirteen month delay did not require reversal); Brown v. State, 749 So.2d 82 (Miss.1999) (delay of 574 days was not a speedy trial violation). Lee was tried within six weeks of his indictment, showing that the county made some amends for its former sloppiness. There is no evidence that Lee suffered any undue anxiety or concern. Most importantly, we can find no basis for believing that Lee suffered any evidentiary or tactical disadvantage by reason of this delay.
¶ 26. One form of prejudice of the five month's confinement prior to a probable cause hearing is ameliorated by the fact that convicted felons receive credit against their sentences for the period of any pretrial confinement. Miss.Code Ann. § 99-19-23 (Rev.1994).
¶ 27. The assignment of error points to a break-down in the criminal justice system, but one that ultimately did not prejudice Lee in this case.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVER COUNTY OF CONVICTION FOR SIMPLE POSSESSION OF COCAINE AS A SECOND AND SUBSEQUENT OFFENDER AND SENTENCE OF SIX YEARS IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PROBATION OR PAROLE AND FINE OF $30,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The conviction was affirmed in an unreported opinion. Lee v. State, 723 So.2d 1248 (Miss.Ct.App.1998) (mem.)