788 So.2d 853 (2001)
Ester MITCHELL a/k/a Lynn Clark a/k/a Ester Mae Mitchell Clark, Appellant
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01501-COA.
Court of Appeals of Mississippi.
June 19, 2001.
*854 James A. Williams, Meridian, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
LEE, J., For The Court:
¶ 1. Ester Mitchell was convicted by a jury for the crime of delivery of cocaine. Feeling aggrieved, Mitchell has filed a timely appeal and presents the following issues: (1) whether Mitchell received ineffective assistance of counsel when her trial counsel did not timely disclose an alibi witness, (2) whether Mitchell received ineffective assistance of counsel when her trial counsel admitted a National Criminal Information Center report into evidence which disclosed her 1992 conviction for aggravated assault, (3) whether Mitchell received ineffective assistance of counsel when her trial counsel failed to object to testimony regarding a prior drug sale, (4) whether Mitchell received ineffective assistance of counsel when trial counsel failed to insist that the tape admitted into evidence be played in open court and subject to cross-examination, (5) whether Mitchell received ineffective assistance of counsel when her trial counsel failed to cross-examine the confidential informant regarding the possibility of him working for the Bureau of Narcotics to remove a drug charge, (6) whether Mitchell received ineffective assistance of counsel when her trial counsel failed to object to the testimony that stated the confidential informant was widely used, (7) whether Mitchell was denied a fair trial when the State referred to Mitchell's 1992 conviction for aggravated assault in its closing argument, and (8) whether the trial court committed reversible error in granting jury instruction C-10. This Court finds that issue eight has merit and we reverse and remand this case for a new trial.

FACTS
¶ 2. On April 15, 1997, Agent L.C. Cheeks and a confidential informant were attempting to purchase drugs from known suspected drug dealers within Lauderdale County, particularly within the City of Meridian. On this date, Agent Cheeks and the informant proceeded to a house within Meridian to attempt to make a purchase of drugs.
¶ 3. Agent Cheeks testified that once at the residence, he and the informant *855 walked to the door. The informant knocked on the door, and an individual which he identified as Mitchell answered the door. Cheeks continued and stated that during their conversation with Mitchell the informant "told her to treat her [sic] right." Cheeks explained that he and the informant were attempting to purchase sixty dollars worth of crack cocaine. Additionally, Cheeks stated that there was also an unidentified black male sitting in the doorway of another room while they were discussing the details of the purchase. Cheeks said that they agreed on sixty dollars for three rocks of cocaine. Thereafter, Mitchell walked into another room and talked with the black male that was sitting in the door. Although Cheeks could not hear the conversation, shortly thereafter the black male approached them and handed him three rocks of crack cocaine and Agent Cheeks paid him sixty dollars. The informant's recollection of the transaction was less clear.
¶ 4. The confidential informant testified that he took Agent Cheeks to the house, and a conversation took place between the informant and Mitchell. The informant also confirmed that there was another male present in the house and that it was the male that delivered the drugs.
¶ 5. In the case at bar, it appears that Mitchell has several names and multiple social security numbers. Nevertheless, at trial Agent Cheeks and the confidential informant stated that Mitchell was involved in the drug transaction and made an in-court identification of her. At the conclusion of the trial, the jury rendered a verdict of guilty of delivery of cocaine. The additional facts that are necessary for the resolution of issue eight will be discussed below.

STANDARD OF REVIEW
¶ 6. In Coleman v. State, this Court once again stated our standard for reviewing a trial judge's decision concerning jury instructions: "`In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.'" Coleman v. State, 697 So.2d 777, 782 (Miss. 1997) (citations omitted).

DISCUSSION

VIII. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING JURY INSTRUCTION C-10.
¶ 7. Mitchell argues that it was plain error for the trial court to grant instruction C-10 because its language was not limited to the sale of cocaine for which Mitchell was indicted. The State cites Foster v. State, 639 So.2d 1263, 1289 (Miss. 1994), and argues that since Mitchell failed to make a contemporaneous objection to the giving of the jury instruction she must rely on plain error to raise the issue on appeal. The State further asserts that if the plain error rule were applied, Mitchell has failed to meet the standard and prove that the error was of a level requiring a new trial.
¶ 8. The record does disclose that Mitchell's counsel failed to make an objection at trial. Regardless, as both parties have mentioned, we may address this issue by applying the plain error doctrine.
¶ 9. In Porter v. State, 749 So.2d 250, 261 (¶ 36) (Miss.Ct.App.1999), we recognized that the Mississippi Supreme Court has held that an error is plain if it "affects substantive rights of the defendant." When this Court is analyzing the case to determine if plain error has occurred *856 we must ask ourselves if there is anything that "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. This Court must look to see if there was some violation of a legal rule that could be considered "plain," "clear," or "obvious" and was prejudicial on the result of the trial. Id. We begin our review by looking at the recitation of Mitchell's charge within the indictment.
¶ 10. The language of the indictment reads as follows:
The Grand Jury for the State of Mississippi, taken from the body of good and lawful men and women of Lauderdale County in the State of Mississippi, elected, impaneled, sworn and charged to inquire in and for said county, in the State aforesaid, in the name and by the authority of the State of Mississippi upon their oaths present that
Ester Mitchell aka Lynn
in said County and State, on or about the 15th day of April, A.D.1997, did wilfully, unlawfully, and feloniously and knowingly sell Cocaine, a Schedule II controlled substance....
(emphasis added). Now we must compare this language with that contained in Jury instruction C-10 which was originally marked S-2 and states:
The Court instructs the Jury that, should you find from the evidence in this case, beyond a reasonable doubt that:
1. On or about the 15th day of April of 1997, in Lauderdale County, Mississippi;
2. The Defendant, Ester Mitchell aka Lynn Clark, did unlawfully and knowingly sell, barter, or otherwise dispense or deliver Cocaine, a schedule II controlled substance to an undercover officer;
then it is your sworn duty to find the Defendant guilty of Delivery of Cocaine. Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
(emphasis added). The language in jury instruction C-10 is far more extensive and a deviation from the charge in the indictment. In particular, Mitchell's indictment only charges her with the "sale" of cocaine; however, jury instruction C-10 uses the words "sell, barter, or otherwise dispense or deliver." Based on the language in the jury instruction, the jury found Mitchell guilty of delivery of cocaine as opposed to the sale of cocaine as stated in her indictment, but does this deviation constitute plain error? We must look to the relevant law to see if there was a deviation which may be classified as "plain" or "obvious." Sanders v. State, 479 So.2d 1097, 1105-09 (Miss.1985), is on point regarding the issue of whether the giving of jury instruction C-10 was erroneous.
¶ 11. In Sanders, Bruce Sanders's indictment, like Mitchell's, only charged that "he did feloniously, knowingly and intentionally sell a controlled substance...." Sanders, 479 So.2d at 1099. At the conclusion of Sanders's trial on this charge, the State was granted the following instruction:
The Court instructs the Jury that even if you do not find the Defendant guilty of Sale of a controlled substance, you may still find the Defendant guilty of the included offense of Possession of a controlled substance with the intent to transfer. If you find from the evidence in this case beyond a reasonable doubt that the Defendant, ... unlawfully, wilfully, feloniously, knowingly, and intentionally possess[ed] Cocaine with the intent to transfer that Cocaine to another person, then you shall find the Defendant guilty of Possession with intent to transfer.
*857 Id. (emphasis in original). Once again, like the situation in the case sub judice, the language in the jury instruction given in Sanders was more extensive than the charge in the indictment. The Mississippi Supreme Court compared the language in the indictment to that in the jury instruction while observing the pertinent portions of Miss.Code Ann. § 41-29-139. The pertinent portions of Miss.Code Ann. § 41-29-139 (Supp.2000) reads now, as it did then, and states:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense, or possess with the intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance....
We too deal with the same section of this statute and the fact that the indictment encompassed one charge and the jury instruction enumerated several others.
¶ 12. The Mississippi Supreme Court concluded that generally it is error for a trial judge to give the jury an instruction regarding a charge that is not necessarily stated in the indictment. Sanders, 479 So.2d at 1106. However, the Mississippi Supreme Court did acknowledge that the law does allow a defendant to be given an instruction not only on the offense charged, but also on a lesser-included-offense, an inferior offense, or an attempt to commit the offense without the charge being specifically stated in the indictment. Id. at 1105. Nevertheless, in Sanders the court determined under the language of the statute that "to transfer" and "to possess with intent to `transfer,'" which was the language contained in Sanders's jury instruction, did not constitute an inferior or lesser-included-offense. Instead, these were contained in the same statute and were considered separate offenses of the same magnitude as selling cocainethe only charge stated in Sanders's indictment. Id. Therefore, the giving of the jury instruction was error. Id. at 1108. In the case at bar, we are faced with the same facts.
¶ 13. As stated above, Mitchell's indictment charged her with the "sale" of cocaine instead of the "delivery" of cocaine as stated in the jury instruction. Although "delivery" is not specifically enumerated as a crime in Miss.Code Ann. § 41-29-139(a)(1) (Supp.2000), case law has equated the word "delivery" with the words "transfer" and "distribute" when used in an indictment. We extend this law to the use of these terms in the jury instruction. See Meek v. State, 97-CT-01557-SCT, ___ So.2d ___, 2001 WL 328691 (¶ 10) (Miss. April 5, 2001). Therefore, according to the holding in Sanders the delivery of cocaine is to be considered a separate offense of the same magnitude as selling cocaine.
¶ 14. In light of the violation of the case law as stated in Sanders v. State, we determine that in this case there was a plain or obvious deviation from the law by giving jury instruction C-10. Now, we must determine if there was any prejudice as a result of the giving of the instruction. Once again we look to Sanders v. State, for guidance. Sanders, 479 So.2d at 1108.
¶ 15. The Mississippi Supreme Court stated "[i]t is manifestly unfair to indict the defendant for one offense, which he prepares to defend, and then secure an instruction authorizing the jury to convict him of another distinct offense of the same magnitude." Sanders, 479 So.2d at 1108. This statement clearly indicates that the Mississippi Supreme Court views the course of action taken in Sanders and the case at bar as prejudicial; therefore, the trial judge committed reversible error when he granted jury instruction C-10. Since we have concluded that reversible *858 error has occurred we need not address the other issues submitted by Mitchell. Based on the aforementioned discussion, we reverse and remand this case for a new trial.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF DELIVERY OF COCAINE IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING AND CHANDLER, JJ., CONCUR. MYERS, J., DISSENTS WITHOUT A SEPARATE WRITTEN OPINION.