856 So.2d 518 (2003)
Michael MIMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00613-COA.
Court of Appeals of Mississippi.
April 29, 2003.
Rehearing Denied August 19, 2003.
Certiorari Denied October 9, 2003.
*520 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On May 2, 2000, Michael Mims sold crack cocaine to two confidential informants for the Laurel Police Department, a transaction which was recorded on audiotape by one of the informants. Mims was incarcerated in January of 2001, indicted by the grand jury on March 26, 2001, and arraigned on April 9, 2001. On April 3, 2002, a jury in the Circuit Court of Jones County found Michael Mims guilty of sale of a controlled substance. The trial judge sentenced Mims to thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended. Mims now appeals his conviction to this Court asserting the following issues: (1) he was denied his constitutional and statutory rights to a speedy trial; and (2) the trial court erred in not granting a directed verdict in Mims' favor, or in the alternative, granting a judgment notwithstanding the verdict. Finding no merit to either issue, we affirm.

DISCUSSION OF ISSUES

I. WAS MIMS DENIED HIS CONSTITUTIONAL OR STATUTORY RIGHT TO A SPEEDY TRIAL?
¶ 2. With his first issue, Mims claims that the trial court committed reversible error in not dismissing his case at the pretrial hearing because his right to a speedy trial had been violated. Specifically, Mims contends that his right to a speedy trial was violated under the United States Constitution, the Mississippi Constitution, and Miss.Code Ann. § 99-17-1 (Rev.2000). As Mims addresses his constitutional right and statutory right to a speedy trial, we will address each separately. With little assistance from the State's brief concerning the issues at hand, we now look to our standard of review in claims of speedy trial violations:
Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. The state bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
DeLoach v. State, 722 So.2d 512(¶ 12) (Miss.1998) (citations omitted).

a. Constitutional right to a speedy trial
¶ 3. The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), employed *521 a four pronged balancing test in determining whether a defendant had been deprived of his right to a speedy trial. The four prongs are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Arthur v. State, 735 So.2d 213 (¶ 11) (Miss.1999). We look to these factors as they apply to Mims' case.
¶ 4. Mims' constitutional right to a speedy trial attached at the time of his arrest, which was sometime in January 2001. The record does not contain a specific date of the arrest. However, the Mississippi Supreme Court has said that a delay of more than eight months is presumptively prejudicial. DeLoach, 722 So.2d at (¶ 16). The length of delay in this case was well over eight months; therefore, we must look to the next factor.
¶ 5. The second factor requires that we look to the reason for the delay. "Once there is a finding that the delay is presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons." Id. at (¶ 17). In the arraignment order, Mims and the State agreed to a continuance of over a month. No other motions for continuance were filed and Mims does not specifically state any reasons for delay. At trial, the State does mention that the docket was congested. If that was the case, the Mississippi Supreme Court has stated that an overcrowded docket will not be weighed heavily against the State. McGhee v. State, 657 So.2d 799, 802 (Miss.1995). However, "where the defendant has not caused the delay and the State does not show good cause for that delay, this Court weighs this factor against the prosecution." Lee v. State, 759 So.2d 1264(¶ 21) (Miss.Ct.App.2000). We count this factor lightly against the State.
¶ 6. The third factor concerns Mims' assertion of his right to a speedy trial. Mims filed his motion to dismiss for violation of his right to speedy trial on March 25, 2002, a little over one week before the trial commenced. "A defendant has no duty to bring himself to trial.... Still he gains far more points under this prong of the Barker test where he had demanded a speedy trial." Brengettcy v. State, 794 So.2d 987 (¶ 17) (Miss.2001). The Mississippi Supreme Court has also stated that a motion for dismissal based on violation of the right to a speedy trial and a demand for a speedy trial are not equivalent, with regard to the Barker analysis, as one seeks discharge and the other an immediate trial. Perry v. State, 637 So.2d 871, 875 (Miss.1994). See also Adams v. State, 583 So.2d 165, 169-70 (Miss.1991) (holding that demand for dismissal coupled with demand for instant trial is insufficient to weigh third Barker prong in defendant's favor where motion came after bulk of delay had elapsed). Here, we have no indication that Mims ever filed a motion demanding a speedy trial, only that he filed a motion to dismiss prior to trial. We find the third factor weighs against Mims.
¶ 7. The fourth factor concerns prejudice suffered by the defendant. This includes prejudice in preparing his defense and loss of liberty he suffered due to the delay. Perry, 637 So.2d at 876. The Mississippi Supreme Court has identified three main considerations in determining whether the accused has been prejudiced by lengthy delay: "(1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." Jefferson v. State, 818 So.2d 1099(¶ 21) (Miss.2002). Mims claims that the delay automatically raised concerns about the oppressiveness of his pretrial *522 incarceration. Mims also claims that it was difficult to meet with his attorney in order to prepare for trial because he was in jail in Ellisville and his attorney was in Brandon. Actually, it must be noted that Mims was in jail because his bond had been revoked as a result of two other felony charges. Mims fails to provide specific evidence concerning anxiety he suffered or any specific injury to his ability to prepare a defense. We find that Mims has failed to show any prejudice, and this factor weighs in favor of the State.
¶ 8. Our final obligation under Barker is to weigh the factors. "The balancing test set forth in Barker must be applied on a case by case basis under the particular facts of the case under consideration." Birkley v. State, 750 So.2d 1245 (¶ 30) (Miss.1999). While not considering lightly the fact that a delay did exist, we recognize that Mims failed to assert his right to a speedy trial, did not object to any delays, other than filing the week before trial a motion to dismiss for failure to provide a speedy trial, and has importantly failed to show he suffered any actual prejudice due to the delay. Thus, we cannot find Mims' constitutional right to a speedy trial was violated.

b. Statutory right to a speedy trial
¶ 9. Mims briefly mentions that his right to a speedy trial was violated under Miss. Code Ann. § 99-17-1 (Rev.2000), which states as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
¶ 10. Mims was arraigned on April 9, 2001. In the arraignment order, the judge stated that, upon request by both the prosecuting attorney and the defense attorney, the case would be continued until May 21, 2001. The next date mentioned concerning a trial date was at a hearing on March 25, 2002, concerning Mims' motion to dismiss for a speedy trial violation. This motion was filed over two months after the 270 day deadline elapsed. Evidently the trial date was set for March 27, 2002, but the prosecution and the defense attorney had reached a prior agreement to ask for a continuance until the next week. The trial commenced April 3, 2002.
¶ 11. Mims failed to raise this issue within 270 days of his arraignment and, therefore, acquiesced to the delay. Malone v. State, 829 So.2d 1253 (¶ 11) (Miss. Ct.App.2002). See also Walton v. State, 678 So.2d 645, 649-50 (Miss.1996). This argument is without merit.

II. DID THE TRIAL COURT ERRED IN DENYING MIMS' MOTION FOR A DIRECTED VERDICT, OR IN THE ALTERNATIVE, A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 12. With his other issue, Mims claims that the trial court committed reversible error in not directing a verdict for Mims, or in the alternative, granting a judgment notwithstanding the verdict. Specifically, Mims contends that the inconsistencies in the evidence demand a reversal. We look to our standard of review concerning directed verdicts. When reviewing a denial of a motion for directed verdict, "the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence." McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will *523 reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Furthermore, it is within the discretion of the jury to accept or reject testimony by a witness, and the jury "may give consideration to all inferences flowing from the testimony." Mangum v. State, 762 So.2d 337 (¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss. 1978)).
¶ 13. We find sufficient evidence existed to deny Mims' motion for a directed verdict. The jury was allowed to hear an audiotape of Mims selling crack cocaine to a confidential informant. A police officer testified that he prepared the confidential informants for the buy, he searched both informants and the car they were driving, he placed the body wire on the informants, he listened to the transaction as it occurred, and he received the crack directly after the buy. An expert testified that the substance consisted of 1.22 grams of crack cocaine.
¶ 14. Mims' main argument concerns the testimony of the two confidential informants. Mims contends that their testimony is so inconsistent that he should not have been found guilty. However, the main inconsistencies appear to involve the logistics of the transaction, such as where the participants were standing and where one of the informants was dropped off to initiate the buy. From the evidence presented, the jury resolved any discrepancies in the testimony in favor of the State. Viewing this evidence favorably to the State, we find fair-minded jurors had sufficient evidence to find Mims guilty.
¶ 15. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE, COCAINE, AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN YEARS SUSPENDED, AND FINE OF $25,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.