# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-KA-02180-SCT

*DRAPER S. KELLY a/k/a POPPA DON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/05/2003 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SHIRLEE MARIE FAGER-BALDWIN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. DANIEL HINCHCLIFF |
| DISTRICT ATTORNEY: | BUDDY McDONALD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/24/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., GRAVES AND DICKINSON, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Draper S. Kelly was convicted of  the sale  or transfer of cocaine, a Schedule II Controlled Substance, in violation of Section 41-29-139 of the Mississippi Code of 1972. The trial judge sentenced Kelly to a term of thirty years' imprisonment; with twenty-five   years to serve in the custody of the Mississippi Department of Corrections and five years suspended. Kelly timely brings this appeal and asserts two errors in the trial below: (1) whether the trial court committed plain error by granting Jury Instruction S-3 and (2) whether the trial court

erred in denying Kelly's motion for a new trial. Finding no merit in either issue, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.     On or about January 29, 2002, the Pearl River Basin Narcotics Task Force oversaw a drug bust which involved law enforcement officers from three Mississippi counties (Lawrence, Jefferson Davis, and Marion Counties).   The task force pooled resources from the three counties in an attempt to curb drug use and trafficking.   James E. Powell (hereinafter "Powell"), a confidential informant, and Officer Donna Davis, (hereinafter "Davis") proceeded to 433 Expose Road in Marion County, Mississippi, where they bought drugs.   Accompanied by Davis, Powell purchased approximately 0.1 gram of cocaine from Kelly in violation of Miss. Code Ann. § 41-29-139 (Rev. 1995).   Following an indictment issued by the Marion County Grand Jury in May 2002, Kelly was arrested on October 14, 2002.


¶3.     The Honorable Rex Jones was appointed as counsel for Kelly on December 13, 2002. Kelly filed a motion for bond on January 2, 2003, which the trial court denied on January 6, 2003.   Kelly was arraigned on August 26, 2003, and the trial commenced on August 26, 2003. At the conclusion of the trial, the jury retired to deliberate but reached a deadlock.   The Circuit Court Judge, Honorable R. I. Prichard, III, issued a ***Sharplin*** instruction to the jury,   *see* ***Sharplin v. State***, 330 So. 2d 591, 596  (Miss. 1976), and upon further deliberation, the jury found Kelly guilty of the offense charged.   On September 5, 2003, Kelly was sentenced to thirty years in custody of the Mississippi Department of Corrections with five    years

2

suspended. On September 8, 2003, Kelly filed a motion for a new trial which the trial court denied. The trial court appointed Kelly's current counsel for purposes of this appeal.

**DISCUSSION**

**I.** **Whether the trial court committed plain error in granting Jury Instruction S-3 (Jury Instruction No. 5).**

¶4. Kelly urges that the trial court committed plain error by granting Jury Instruction S-3 because it failed to set forth the elements of the crime. Kelly argues that his due process rights were violated because Instruction S-3 lacked the requisite elements of the crime.

¶5. Instruction S-3 reads:

> The Court instructs the jury that it is immaterial as to the guilt or innocence of the defendant how much profit, if any, that the defendant makes on the sale of a controlled substance and that the mere fact that the defendant earns little or no profit from a particular sale of a controlled substance means nothing; a crime occurs whenever a controlled substance is transferred or delivered.

¶6. Other than Instruction S-3, Kelly argues that the only instructions which related to the elements of the crime charged were Jury Instruction S-7 and Jury Instruction D-6. Instruction S-7 reads:

> The court instructs the jury that the defendant, Draper Kelly, has been charged in the indictment with the crime of "sale or transfer of a controlled substance," and therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Draper Kelly, on or about the 29th day of January, 2002, in Marion County, Mississippi, did wilfully, unlawfully, feloniously, and knowingly sell for money, a Scheduled II controlled substance, to-wit: cocaine, then you shall find the defendant, Draper Kelly, guilty as charged.
>
> Should the State fail to prove any of the above elements, you shall find the defendant, Draper Kelly, not guilty.

¶7. Instruction D-6 reads:

3

Draper Kelly has been charged with the sale of cocaine.

If you find from the evidence in this case beyond a reasonable doubt that Draper Kelley:

        1.      Knowingly or intentionally sold,

        2.      A controlled substance, to-wit: cocaine,

        3.      To a confidential informant,

then you shall find the defendant guilty as charged.

If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Draper Kelly not guilty.

¶8.     First, the record reveals that Kelly did not make a contemporaneous objection to the granting of Instruction S-3. We have held that where no contemporaneous objection is made, the alleged error is waived. *Scott v. State,* 878 So.2d 933, 953 (Miss. 2004); *Williams v. State,* 684 So.2d 1179, 1203 (Miss. 1996); *Walker v. State,* 671 So.2d 581, 587 (Miss. 1995); *Cole v. State,* 525 So.2d 365, 368 (Miss. 1988). However, a defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. *Perkins v. State,* 863 So.2d 47, 55 (Miss. 2003), *Randall v. State,* 806 So.2d 185, 195 (Miss. 2001); *Foster v. State,* 639 So.2d 1263, 1288-99 (Miss. 1994). The plain error doctrine has a two-part test which requires: (i) an error at the trial level and (ii) such an error resulted in a manifest miscarriage of justice. *Gray v. State,* 549 So.2d 1316, 1321 (Miss. 1989). We have held that plain error exists where a defendant's substantive rights have been affected. *Grubb v. State,* 584 So.2d 786, 789 (Miss. 1991).

¶9.     Kelly argues that it was plain error for the trial court to grant Instruction S-3 because its language did not include "sell" for which he was indicted and later convicted. Instead, the words, "transferred or delivered" are included. This argument is clearly without merit. The statute under which Kelly was convicted enumerates several offenses including, to sell,

4

barter, transfer, manufacture, distribute, dispense, **or** possess a controlled substance. *See* Miss. Code Ann. § 41-29-139(a)(1)(Supp. 2000). Further, the indictment returned by the Marion County Grand Jury noted that the criminal charge Kelly faced was the "sale or transfer of a controlled substance."

¶10.    Kelly relies heavily upon *Mitchell v. State,* 788 So.2d 853 (Miss. Ct. App. 2001), to buttress his argument for plain error. In *Mitchell,* the Court of Appeals held that a jury instruction for the sale of cocaine, which contained language relating to other separate offenses under the controlled substances statute such as "delivery" of cocaine, was plain error warranting a reversal, where the indictment charged only the "sale of cocaine." *Id.* at 857. Thus, the Court of Appeals held the trial committed reversible error in allowing a jury instruction with terms broader than those included in the indictment. The rationale for that decision flows from *Sanders v. State,* 479 So.2d 1097, 1108 (Miss. 1985). In *Sanders,* we said it was manifestly unfair to indict a defendant for one offense, which he prepares to defend, and then secure an instruction authorizing the jury to convict him of another distinct offense of the same magnitude. *Id.* at 1108. Again, Instruction S-3 includes the language "**transferred or delivered**," and the Kelly's indictment includes the language, "**sell or transfer**." (emphasis added). It follows that *Mitchell* is distinguishable from the case sub judice because the scope of the jury instruction in question is not broader than the indictment under which Kelly was convicted. Thus, in keeping with the spirit of *Sanders,* we hold that Kelly was not prejudiced by Instruction S-3 since its language tracks the language contained in his indictment. It follows that no substantive right was affected by the trial court's granting Instruction S-3.

5

¶11.    "For the purpose of reviewing challenges to jury instructions, the instructions actually given must be read as a whole." *Williams v. State,* 803 So.2d 1159, 1161 (Miss. 2001)(quoting *Hickombottom v. State,* 409 So.2d 1337, 1339 (Miss. 1982). "When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." *Williams,* 803 So.2d at 1161(quoting *Hickombottom,* 409 So.2d at 1139). Here, Instructions S-3 and S-7, when read together, fairly instruct the jury as to the elements of the crime Kelly faced. No error can be predicated on one instruction alone to set out properly a necessary element of the crime, where the element was included in other instructions. *Gray v. State,* 487 So.2d 1304, 1308 (Miss. 1986). We find that the trial court's grant of Instruction S-3 was not plain error, and none of Kelly's substantive rights were affected by it.

## II.    Whether the trial court erred in denying Kelly's Motion for a New Trial.

¶12.    Kelly argues that the trial court erred in denying his motion for a new trial, specifically, that the verdict was against the overwhelming weight of the evidence. In those cases where there is sufficient credible evidence presented by the State to prove the essential elements of the crime, it remains within the power of the trial court to award the defendant a new trial when the court concludes, based on its evaluation of all of the evidence, that the jury's verdict was so against the weight of the evidence that to permit it to stand would work a substantial miscarriage of justice. *Simmons v. State,* 722 So.2d 666, 674 (Miss. 1998); (cited by *Windham v. State,* 800 So.2d 1257. 1263 (Miss. Ct. App. 2001)). In ruling on a new trial motion, the trial court must consider the evidence in the light most favorable to upholding the

verdict. *Austin v. State,* 784 So.2d 186, 196 (Miss. 2001). The trial court is vested with substantial discretion in ruling on such a motion and, if the motion is denied, an appellate court may disturb that ruling only if it is satisfied that the trial court was manifestly in error. *Wetz v. State,* 503 So.2d 803, 812 (Miss. 1987).

¶13. Kelly produces a number of challenges to the evidence received as he attempts to advance his argument for a new trial. Kelly argues that Powell, the confidential informant, was the only individual who could identify him at trial. Further, Kelly argues that this Court should discount the credibility of Powell's testimony due to potential bias. Kelly urges that Powell cooperated with law enforcement officials in exchange for reduced burglary charges Powell faced. Powell testified that he met Kelly on a previous occasion, while Kelly testified that the two had never met. Also, Kelly notes that the time between the initial viewing and the trial was long enough to challenge Powell's recollection of the events on the night in question. Lastly, Kelly contends that none of the law enforcement officials with the Pearl River Basin Narcotics Task Force were able to positively offer a physical or voice identification.

¶14. The State presented evidence that on January 29, 2002, Powell and Davis executed a drug buy. Powell testified that he made a buy from Kelly. Specifically, Powell testified:

> We pulled in on the edge of the road in the front yard and she handed me the money, $20. I got out and proceeded to the window where he was playing a Play Station and had the curtains half cracked and the window was busted with a piece of cardboard he would slide back. And I asked him did he have a $20 (slang for "twenty dollars worth of cocaine"), he reached behind the TV and got a cellophane bag out and he handed me the $20 worth of rock cocaine and I handed him the $20.

In addition to Powell's testimony, the State called Bobby Patterson (hereinafter "Patterson"), the Commander of the Pearl River Basin Narcotics Task Force, who testified to the nature of

7

the operation and the events of leading to and surrounding January 29, 2002. The State also called Davis, the undercover officer who accompanied Powell to the scene, and she testified that she prepared Powell and listened to the audiotapes of the transaction. Also, the State offered into evidence an audiotape of Kelly selling the cocaine to Powell. Prior to resting its case, the State called three other law enforcement officials who were all present the night of January 29, 2002.

¶15.    We have routinely held that the jury is the judge of credibility. *Schuck v. State,* 865 So.2d 1111, 1124 (Miss. 2003); *Harris v. State,* 527 So.2d 647, 649 (Miss. 1988). This Court will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence. *Drake v. State,* 800 So.2d 508, 517 (Miss. 2001)(citing *Maiben v. State,* 405 So.2d 87, 88 (Miss. 1981)). Further, it is within the sound discretion of the jury to accept or reject the testimony of a witness, and the jury "may give consideration to all inferences flowing from the testimony." *Mangum v. State,* 762 So.2d 337, 342 (Miss. 2000) (quoting *Grooms v. State,* 357 So.2d 292, 295 (Miss. 1978). It is clear that after receiving the testimony from both Powell and Kelly, the jury found Powell's testimony to be more credible and reliable than Kelly's. Also, the testimony of Davis and Patterson buttress the notion that Kelly was present on the night in question and actually committed the charged offense. The instant action is on all fours with *Mims v. State,* 856 So.2d 518, 522-23 (Miss. Ct. App. 2003). In *Mims,* the Court of Appeals affirmed a conviction for the sale of a controlled substance, specifically crack cocaine. *Id.* at 523. It found sufficient evidence in  the audio tape of the defendant selling cocaine to the confidential informant and  the testimony of the police office who

prepared the informant, and listened to the transaction. It concluded that alleged inconsistences in testimony of the confidential informant and defendant were properly resolved by the trier of fact. *Id.* From the evidence present in the case sub judice, we conclude that the jury resolved any discrepancies in favor of the State. Viewing this evidence favorably to the State, we find that the testimony of Powell, Patterson and Davis linking Kelly to the crime charged is more than sufficient evidence to sustain Kelly's conviction. Thus, the trial court did not abuse its discretion in denying Kelly's motion for a new trial.

### CONCLUSION

¶16. Finding no reversible error, we affirm the judgment of the Marion County Circuit Court.

¶17. **CONVICTION OF THE SALE OR TRANSFER OF A CONTROLLED SUBSTANCE, SCHEDULE II (COCAINE 0.1 GRAM) AND SENTENCE OF THIRTY (30) YEARS, TWENTY - FIVE (25) YEARS TO SERVE AND FIVE (5) YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, TOGETHER WITH PAYMENT OF ALL COSTS, AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO ANY SENTENCE APPELLANT IS NOW SERVING.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**