843 So.2d 62 (2002)
M.C. GHOLSTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01794-COA.
Court of Appeals of Mississippi.
October 15, 2002.
Rehearing Denied November 26, 2002.
Certiorari Denied April 17, 2003.
*63 H. Lee Bailey, Jr., Winona, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., MYERS, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. M.C. Gholston was convicted by a Montgomery County Circuit Court of statutory rape of a fourteen-year-old. Aggrieved, Gholston appeals, arguing that he was denied his right to a speedy trial and that the verdict was not unanimous. Finding no error, we affirm.

FACTS
¶ 2. On July 21, 2000, the victim attended a dance with her brother. After the dance, they decided to go to their grandmother's home to call their parents because they were running late. Gholston, the siblings' cousin, offered to drive the victim to make the call while her brother took a man to a club. However, Gholston did not take the victim to her grandmother's home, but drove down a dirt road where he raped her. The victim's brother found them later and took her home after she told him that Gholston had raped her. Her mother then took her to the hospital, at which time a rape kit was performed.
¶ 3. Gholston was arrested and a suspect kit was performed on him. He was indicted and brought to trial. At trial, the victim, her brother and mother testified as to the events of that night. In addition, an expert testified that to a reasonable certainty the semen found on the victim was that of Gholston. The jury found him guilty of statutory rape.
¶ 4. Post-trial motions were filed and denied. On appeal, Gholston argues that he was denied his constitutional right to a speedy trial. In addition, he argues that the jury verdict was not unanimous due to one juror's response when the jury was polled in open court.

ANALYSIS OF THE ISSUES PRESENTED

I. WHETHER GHOLSTON WAS DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
¶ 5. Gholston argues that this case should be dismissed because he was denied his constitutional right to a speedy trial. The important dates are as follows:

07/23/00 Arrested
10/10/00 Indicted
10/19/00 Agreed Order of Continuance Filed
03/06/01 Attorney Jones Motion to Withdraw
03/16/01 Assertion of Right to a Speedy Trial
03/30/01 Order for Continuance Filed
10/11/01 Trial began

¶ 6. A defendant has a constitutional right to a speedy trial. Watts v. State, 733 So.2d 214, 235(¶ 61) (Miss.1999). This right attaches from the time that the defendant is effectively accused of the crime. Perry v. State, 419 So.2d 194, 198 (Miss.1982). On appeal, we review alleged speedy trial violations "on a case-by-case basis due to the factual specifics of each action." Brengettcy v. State, 794 So.2d 987, 991(¶ 7) (Miss.2001).
¶ 7. An alleged denial of the constitutional right to a speedy trial is examined under the four prong test set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Mitchell v. State, 572 So.2d 865, 870 (Miss.1990). "The factors to be considered are: (1) length of delay; (2) reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether defendant was prejudiced by the delay." Barker, 407 U.S. at 530, 92 S.Ct. 2182. The Barker factors are balanced while considering the totality of the circumstances. Birkley v. *64 State, 750 So.2d 1245, 1249(¶ 12) (Miss. 1999) (citing DeLoach v. State, 722 So.2d 512, 516(¶ 14) (Miss.1998)).

(a) Length of delay
¶ 8. Gholston was arrested for statutory rape on July 23, 2000. His trial began on October 11, 2001. Approximately 444 days had passed between the initial arrest and trial. The Mississippi Supreme Court has held that any delay of the 270-day rule beyond eight months is presumptively prejudicial. McGhee v. State, 657 So.2d 799, 802 (Miss.1995). Therefore, the length of delay was presumptively prejudicial to Gholston.

(b) Reason for delay
¶ 9. After a finding that the delay is presumptively prejudicial, we now turn to the reason for said delay. As for the approximate three month delay from the date of arrest until the date of indictment on October 10, 2000, this time counts against the State. An agreed order for a continuance was entered on October 19, 2000, which any delay would not count against the State. Gholston was arraigned and a plea of not guilty was entered on November 15, 2000.
¶ 10. The next date to appear on the docket was March 2001. During March, Gholston's first attorney withdrew from the case and another continuance was granted. This continuance was filed on March 30, 2001, due to the fact that the DNA testing had not been completed. It should also be noted that the terms of court for the Circuit Court of Montgomery County are for three weeks in April and three weeks in October. Accordingly, after his arrest, depending on available court dates, Gholston could have been tried during the October term, however an agreed continuance was entered. Then during the next term another continuance for good cause was granted. Gholston's trial began during the next term in October.
¶ 11. Any delays due to court congestion or scheduling weigh against the State, but not heavily. Barker, 407 U.S. at 531, 92 S.Ct. 2182. Additionally, any delays attributed to waiting for the completion of DNA test results should weigh only slightly against the State due to the possible exculpatory evidence for Gholston. Gray v. State, 728 So.2d 36, 48(¶ 34) (Miss. 1998). Therefore, this factor only weighs slightly against the State due to the agreed continuance from the October 2000 term to the March 2001 term which subtracts approximately 130 days from the delay. All other delays only weigh slightly against the State as the delays where due to scheduling and DNA reports.

(c) Assertion of right
¶ 12. The third Barker factor concerns Gholston's assertion of his right to a speedy trial. Gholston asserted his right to a speedy trial on March 16, 2001, through his second attorney. This factor weighs in Gholston's favor.

(d) Prejudice to the defendant
¶ 13. The Mississippi Supreme Court has stated:
Prejudice of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system .... The prejudice prong of the Barker analysis encompasses interference with a defendant's liberty and actual prejudice in defending his case.
*65 State v. Magnusen, 646 So.2d 1275, 1284 (Miss.1994). In his brief and during the motion to dismiss hearing, Gholston claimed that the delay in trial resulted in an extensive loss of his freedom due to his incarceration from the date of the charge, although bond had been set, and he had suffered great anxiety and embarrassment due to the charges against him. Although Gholston was incarcerated from the date of his arrest through the date of his trial, bond had been set for his release, which meant that it was possible for him to leave prison if he so chose.
¶ 14. As to the actual prejudice Gholston claimed to have suffered in attempting to defend his case, he stated no specific details concerning such prejudice suffered. Undoubtedly Gholston did suffer anxiety and embarrassment stemming from the fact that he was charged with statutory rape of his fourteen-year-old cousin. However, this Court has noted that, "[w]hile anxiety of the accused is a cause of concern, where there is no other prejudice asserted on the defendant's part, this factor has little weight in his favor." Estes v. State, 782 So.2d 1244, 1250(¶ 13) (Miss. Ct.App.2000). Accordingly, for the purposes of this analysis, we find this fourth factor weighs strongly in the State's favor.
¶ 15. Turning now to the balancing of these four factors, we find that the first continuance was agreed upon by both parties. The second delay due to the State waiting on the completion of the DNA test, although weighs slightly against the State, must be considered with the fact that the test may have excluded the defendant as the attacker. We cannot find that Gholston was harmed by the delay from his arrest to this trial; accordingly, we find no violation of Gholston's constitutional right to a speedy trial.

II. WHETHER THE GUILTY VERDICT WAS UNANIMOUS.
¶ 16. Gholston asserts that the jury verdict was not unanimous when the jury came into open court to announce their verdict. After the verdict was read by the trial judge, the jury was polled and the following occurred when asking one of the jurors if he agreed with the verdict:
COURT: And you in the black suit here?
JUROR: I guess.
COURT: Well, no. I mean, if you don't agree with the verdict then I can send you back in to deliberate some more.
JUROR: That's fine.
COURT: So you're saying you do agree with the verdict?
JUROR: (Nodding head.)
Gholston argues that the trial judge erred by "threatening" the juror with further deliberations instead of sending the jurors back for further deliberations and by failing to do so, a mistrial should have been granted. However, the State argues that the verdict was unanimous.
¶ 17. The Mississippi Supreme Court has set forth guidelines for dealing with this type of situation. Morgan v. State, 370 So.2d 231, 232 (Miss.1979). In Morgan, the court stated the following:
We are of the opinion that when the individual juror expressed a doubt as to whether he was voting his convictions in response to the instructions of the court or whether he was voting the way he did, contrary to his convictions, so as not to be unpopular with his fellow jurors, the judge should not have cut the juror off from expressing his feelings. The judge should have allowed the juror to express himself and then inquired whether the juror desired additional time in which to consult with his fellow jurors, or he could have declined to poll the jury further and returned the jury for further deliberation.
Id. Here, the trial judge explained that if the juror needed more time, then the jury *66 could return for further deliberation. However, the juror then agreed with the verdict by affirmatively nodding his head. We cannot find that exchange between the juror and trial judge was in error or coercive in nature. Nor did the trial judge err in his handling of the matter. Therefore, we find that the verdict was unanimous and that this assignment of error has no merit.
¶ 18. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IS TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. KING, P.J., AND IRVING, J., CONCUR IN RESULT ONLY.