910 So.2d 581 (2005)
Mary E. TRIPLETT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01607-COA.
Court of Appeals of Mississippi.
February 22, 2005.
*582 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
BRIDGES, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. A jury sitting before the Neshoba County Circuit Court convicted Mary Triplett of burglary of a dwelling, a violation of Section 97-17-23 of the Mississippi Code. The circuit court sentenced Triplett to ten years in the custody of the Mississippi Department of Corrections. Aggrieved, Triplett appeals and raises the following issues, verbatim:

I. EITHER THE INDICTMENT WAS INVALID AND THUS THE RESULTING CONVICTION A NULLITY, OR THE SENTENCE EXCEEDED THE STATUTORY MAXIMUM FOR THE CRIME CHARGED IN THE INDICTMENT.

II. THE ABSENCE OF THE SIGNATURE OF THE FOREMAN OF THE GRAND JURY OR OF ANY OTHER GRAND JUROR RENDERED THE INDICTMENT INVALID.
Finding no error, we affirm the circuit court's decision.

FACTS
¶ 2. On December 2, 2002, Anthony Brown left his home around 7:15 that morning. Brown returned between 12:30 and 12:45 p.m. and was shocked when he discovered that someone had ransacked his home. Not only that, Brown noticed that some items were missing from his home. Specifically, a DVD player, several DVD's and CD's, jewelry, and a pistol. Particularly *583 disheartening, whoever took the listed items also took the Christmas gifts that Brown intended to give his children.
¶ 3. Brown reported the burglary to the Philadelphia Police Department. As the Philadelphia Police Department investigated, Brown undertook his own investigation. Brown, hoping to find some of his stolen belongings, visited three pawn shops in the area. At one pawn shop, Brown identified some of his stolen possessions. Brown notified the police. Their investigation revealed a name  Marcus Hoskin  as the person that pawned Brown's property. Hoskin told police that Mary Triplett took part in the burglary. Philadelphia police arrested Triplett and she signed a statement and declared that she, Hoskin, Ken Brazzle, and Taurus Daniels burglarized Brown's home.

ANALYSIS

I. EITHER THE INDICTMENT WAS INVALID AND THUS THE RESULTING CONVICTION A NULLITY, OR THE SENTENCE EXCEEDED THE STATUTORY MAXIMUM FOR THE CRIME CHARGED IN THE INDICTMENT.
¶ 4. Within this assignment of error, Triplett asserts two arguments. First, Triplett argues that the indictment failed to allege that she burglarized the dwelling house of another. Second, and dependent on a positive interpretation of her first argument, Triplett argues that her sentence exceeds the maximum sentence punishable where one burglarizes a building that is not a dwelling house of another.
¶ 5. Triplett is entirely misplaced. The indictment states:
"The Grand Jurors of the State of Mississippi... upon their oaths present: That ... MARY E. TRIPLETT ... on or about the 2nd day of December ... 2002 ... did willfully, unlawfully, feloniously and burglariously break and enter a certain building located in Neshoba County, Mississippi, commonly known as, called and being a mobile home on the property of Anthony Brown, with the willful, unlawful, felonious and burglarious intent to take, steal, and carry away certain goods, wares, and chattels located in said dwelling and being the personal property of Anthony Brown and kept therein for his use and deposit, contrary to and in violation of Section 97-17-23, Miss.Code Ann. (1972), as amended against the peace and dignity of the State of Mississippi."
(emphasis added).
¶ 6. It is certainly true that a sufficient indictment must contain the essential elements of the crime charged. Peterson v. State, 671 So.2d 647, 652-53 (Miss.1996). Also true, to convict under Section 97-17-23, one must demonstrate breaking and entering of a dwelling of another. However, we are at a loss as to how anyone could misinterpret the indictment and conclude that it failed to note the building was a dwelling of another. The indictment plainly says that the building was a mobile home on the property of Anthony Brown. If that is not enough, the indictment also charged that Triplett broke into and entered the dwelling for the purpose of carrying away the property of Anthony Brown. The words "dwelling" and "home" are clearly used to describe the building. If Triplett is confused about whether the indictment alleges the building was a dwelling of another, the portions of the indictment that describe the building, real property, and personal property as Anthony Brown's seems sufficient to put Triplett on notice that she was being charged with burglary of someone else's property. It requires no great mental or semantic exercise *584 to distinguish the plain meaning of the words and context of the indictment. Since the indictment is accurate, then Triplett's sentence is within the statutory limits of the crime. Accordingly, this assignment of error is wholly without merit.

II. THE ABSENCE OF THE SIGNATURE OF THE FOREMAN OF THE GRAND JURY OR OF ANY OTHER GRAND JUROR RENDERED THE INDICTMENT INVALID.
¶ 7. Triplett argues that neither the foreman of the grand jury, nor any grand juror signed the indictment. Triplett concludes that the indictment is, therefore, invalid and, accordingly, the conviction is as well.
¶ 8. Triplett is correct in asserting that the signature of the grand jury foreman is a requirement to a valid conviction. See U.C.C.C.R. 2.05; Peterson, 671 So.2d at 654. A review of the record indicates that the grand jury foreman did sign the indictment  albeit on the back of the indictment. This issue is without merit.
¶ 9. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF THE DWELLING OF ANOTHER AND SENTENCE TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.