938 So.2d 863 (2006)
Timothy ROACH a/k/a Timothy K. Roach, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01244-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Rehearing Denied June 20, 2006.
*865 Rebecca G. Taylor, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On November 8, 1998, Timothy Roach was arrested for burglarizing the home of Ruth Marbury in Jackson, Mississippi. A neighbor of Marbury, Johnny Barksdale, saw Roach exit Marbury's *866 house carrying a television. The police were notified and apprehended Roach a short distance from Marbury's residence. The police found several items belonging to Marbury on Roach's person and in his car.
¶ 2. Roach was indicted on April 8, 1999, for the crime of breaking and entering a dwelling and as an habitual offender. On October 13, 2000, Roach was tried and convicted by a jury in the Hinds County Circuit Court. Roach was sentenced as an habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections without the possibility of parole, probation or sentence reduction. Aggrieved, Roach appeals to this Court asserting nine issues: (1) he was illegally detained by the State; (2) the trial court erred by failing to dismiss the indictment; (3) he was denied a speedy trial; (4) he did not receive a fair trial; (5) the verdict was against the overwhelming weight of the evidence; (6) the trial court erred in refusing his circumstantial evidence instruction; (7) he was illegally sentenced as an habitual offender; (8) the trial court erred in failing to provide him with a hearing on his motion for a new trial; and (9) he did not receive effective assistance of counsel.

DISCUSSION
¶ 3. We first note that, although Roach's appellate counsel has written the majority of the brief, Roach has interspersed his own arguments for specific issues throughout the brief. The State has moved to strike the pro se portions of Roach's brief and requests this Court to stay the briefing schedule pending an order. We decline to do so.
I. WAS ROACH ILLEGALLY DETAINED BY THE STATE?
¶ 4. In his first issue on appeal, Roach argues that he was illegally detained by the State. Specifically, Roach contends that, pursuant to Rule 6.03 of the Uniform Rules of Circuit and County Court, he was not provided with the complaint against him and was also denied a preliminary hearing. Roach was arrested on November 8, 1998. As of December 9, 1998, the State had not produced a copy of the affidavit, complaint or warrant against Roach; thus, a municipal court judge released Roach from jail on December 12, 1998.
¶ 5. Roach's argument is correct. However, the Supreme Court has stated that the failure to provide a prompt initial appearance does not necessarily entitle a defendant to have his conviction reversed. Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Furthermore, Roach must prove that his defense was prejudiced by the denial of a preliminary hearing in order to reverse his conviction. See Esparaza v. State, 595 So.2d 418, 423 (Miss.1992); Lee v. State, 759 So.2d 1264, 1266 (¶ 11) (Miss.Ct.App.2000). Roach has not done so. In fact, Roach fails to mention any prejudice to his defense other than the mere assertion that Rule 6.03 was violated. We find this issue to be without merit.
II. DID THE TRIAL COURT ERR BY FAILING TO DISMISS THE INDICTMENT?
¶ 6. In his second issue, Roach has simply attached a copy of a motion entitled "motion for defective indictment" which he previously filed in the trial court. Roach, in fact, has filed two motions to dismiss the indictment, both of which were denied. Roach contends that the indictment was fatally defective because it failed to specifically state where the offense occurred. Specifically, Roach argues that the indictment *867 should have stated Ruth Marbury's address. The indictment stated as follows:
That TIMOTHY ROACH in said District, County and State on or about the 8th day of November, 1998 did wilfully, unlawfully, feloniously and burglariously break and enter the dwelling house of Ruth S. Marbury with the intent to commit a crime therein, to-wit:
to take, steal and carry away personal property of Ruth S. Marbury then and there situation in said dwelling house. . . .
¶ 7. According to Rule 7.06 of the Uniform Rules of Circuit and County Court, an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." It is clear from reading the indictment that Roach was informed of the charges against him, including when and where the crime was committed. We cannot find that failure to list the specific address of the dwelling, when the person from whom the property was taken is named in the indictment, is error. See, e.g., Triplett v. State, 910 So.2d 581, 583(¶ 6) (Miss.Ct.App.2005). This issue is without merit.
III. WAS ROACH DENIED A SPEEDY TRIAL?
¶ 8. In his third issue on appeal, Roach asserts that his right to a speedy trial was violated. As Roach appears to address both his constitutional right and statutory right to a speedy trial, we will address both. Our standard of review in claims of speedy trial violations is as follows:
Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. The state bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
DeLoach v. State, 722 So.2d 512, 516(¶ 12) (Miss.1998) (citations omitted).
a. Statutory right to a speedy trial
¶ 9. Roach briefly mentions that his statutory right to a speedy trial was violated under Mississippi Code Annotated Section 99-17-1 (Rev.2000), which states as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Roach was arraigned on June 11, 1999, and was not tried until October 12, 2000, well over the 270 day deadline. However, we have held that if a defendant fails to raise the statutory right to a speedy trial within 270 days of his arraignment, he acquiesces to the delay. Mims v. State, 856 So.2d 518, 522(¶ 11) (Miss.Ct.App.2003); Malone v. State, 829 So.2d 1253, 1257(¶ 11) (Miss. Ct.App.2002). See also Walton v. State, 678 So.2d 645, 649-50 (Miss.1996). This argument is without merit.
b. Constitutional right to a speedy trial
¶ 10. The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), employed a four pronged balancing test in determining whether a defendant had been deprived of his right to a speedy trial. The four prongs are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice *868 to the defendant. Arthur v. State, 735 So.2d 213(¶ 11) (Miss.1999). We look to these factors as they apply to Roach's case.
¶ 11. Roach's constitutional right to a speedy trial attached at the time of his arrest, which was on November 8, 1998. Roach was released sometime in December 1998, and not indicted until April 8, 1999. Although Roach was not incarcerated prior to his indictment, the length of delay until his trial in October 2000, was well over eight months. As our supreme court has stated that a delay of more than eight months is presumptively prejudicial, we must look to the next factor. See DeLoach, 722 So.2d at 517(¶ 16).
¶ 12. The second factor requires that we look to the reason for the delay. It is apparent from the record that Roach had problems with his attorneys. Roach fired his first appointed counsel and indicated that he would be hiring counsel to represent himself. Ultimately, after much delay by Roach in finding new counsel, the trial court had to reappoint another attorney to represent Roach. The trial court found that Roach's actions accounted for a substantial part of the delay. We agree and find that this weighs against Roach. See Wesley v. State, 872 So.2d 763, 768(¶ 22) (Miss.Ct.App.2004). However, there was some delay due to the overcrowded docket. Roach's trial date was changed several times due to conflicts with other lengthy trials. An overcrowded docket will not be weighed heavily against the State. McGhee v. State, 657 So.2d 799, 802 (Miss.1995). As it is apparent that there was reason for delay from both Roach and the State, we find this factor to be neutral.
¶ 13. The third factor concerns Roach's assertion of his right to a speedy trial. Roach filed his motion to dismiss for violation of his right to a speedy trial the day before trial on October 11, 2000. We note that, according to the docket, there is an entry on June 2, 2000, stating that a pro se letter was filed "requesting to be put on court docket." However, this letter is not included in the record and Roach himself notes that it is missing from the record. "A defendant has no duty to bring himself to trial. . . . Still he gains far more points under this prong of the Barker test where he had demanded a speedy trial." Brengettcy v. State, 794 So.2d 987, 994(¶ 17) (Miss.2001). The Mississippi Supreme Court has also stated that a motion for dismissal based on violation of the right to a speedy trial and a demand for a speedy trial are not equivalent, with regard to the Barker analysis, as one seeks discharge and the other an immediate trial. Perry v. State, 637 So.2d 871, 875 (Miss.1994). See also Adams v. State, 583 So.2d 165, 169-70 (Miss.1991) (holding that demand for dismissal coupled with demand for instant trial is insufficient to weigh third Barker prong in defendant's favor where motion came after bulk of delay had elapsed). Here, we have no indication that Roach ever filed a motion demanding a speedy trial, only that he filed a motion to dismiss for violation of his right to a speedy trial prior to trial. We find the third factor weighs against Roach.
¶ 14. The fourth factor concerns prejudice suffered by the defendant. This includes prejudice in preparing his defense and the loss of liberty he suffered due to the delay. Perry, 637 So.2d at 876. The supreme court has identified three main considerations in determining whether the accused has been prejudiced by lengthy delay: "(1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." Jefferson v. State, 818 So.2d 1099, 1108(¶ 21) (Miss.2002). Roach does *869 not provide any specific evidence concerning any anxiety he suffered or any specific injury to his ability to prepare his defense. In fact, after his motion to dismiss was denied, Roach asked for a continuance in order to prepare his defense, which the trial court denied. We find that Roach has failed to show any prejudice, and this factor weighs in favor of the State.
¶ 15. Our final obligation under Barker is to weigh all of the factors. "The balancing test set forth in Barker must be applied on a case by case basis under the particular facts of the case under consideration." Birkley v. State, 750 So.2d 1245, 1253(¶ 30) (Miss.1999). While not considering lightly the fact that a delay did exist, we recognize that Roach failed to assert his right to a speedy trial; did not object to any delays, other than filing the day before trial a motion to dismiss for failure to provide a speedy trial; and has, importantly, failed to show he suffered any actual prejudice due to the delay. Thus, we cannot find Roach's constitutional right to a speedy trial was violated. This issue is without merit.
IV. DID ROACH RECEIVE A FAIR TRIAL?
¶ 16. In his fourth issue on appeal, Roach argues that he did not receive a fair trial due to the misconduct of the State. Specifically, Roach contends that the State erred in failing to provide him with a copy of the original police report. Roach claims that the State provided a copy of the police report which had been altered by the State. During a hearing on the matter, the trial court determined that the alteration made by the prosecutor was the addition of one word "recovered" written next to the entry regarding Marbury's credit card. Roach requested a mistrial, which was denied. The trial court allowed Roach additional time to restructure his cross-examination of the officer who wrote the report. We can find no error here.
¶ 17. Roach also claims that he is "unsure of what alterations were made by the Prosecutor and what transpired at trial." We are unimpressed with Roach's assertion as there was a lengthy discussion of the alteration in the record to which Roach refers. This issue is without merit.
V. WAS THE JURY'S VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 18. In his fifth issue on appeal, Roach contends that the jury verdict was against the overwhelming weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. For this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bright v. State, 894 So.2d 590, 592(¶ 8) (Miss.Ct.App.2004).
¶ 19. Johnny Barksdale saw Roach exit Marbury's house, reenter, then exit again carrying Marbury's television. The police were notified and were able to apprehend Roach as he was driving away from Marbury's house. Roach's car contained property belonging to Marbury, and Marbury's husband's credit card was found in Roach's pocket. During trial, Roach put on no evidence. Accepting as true the evidence supporting the jury's verdict, we cannot find that allowing the guilty verdict to stand would sanction an unconscionable injustice. This issue is without merit.
*870 VI. DID THE TRIAL COURT ERR IN REFUSING ROACH'S CIRCUMSTANTIAL EVIDENCE INSTRUCTION?
¶ 20. In his sixth issue, Roach argues that the trial court erred in refusing to grant his circumstantial evidence jury instruction. Roach claims that the State failed to produce any direct evidence that Roach had broken into Marbury's home. "Circumstantial evidence instructions are only given when the State is without a confession or eyewitness to the offense charged." Myers v. State, 832 So.2d 540, 542(¶ 7) (Miss.Ct.App.2002). Direct evidence excludes any necessity for a circumstantial evidence instruction. Sullivan v. State, 749 So.2d 983, 992(¶ 20) (Miss.1999). A back window had been broken, and Marbury testified that it was intact prior to her leaving the house. Roach was seen by an eyewitness exiting the house with property belonging to Marbury. Furthermore, Roach was apprehended so close to Marbury's house that Barksdale was able to point Roach's car out to the police. Because of the overwhelming direct evidence, we find this issue is without merit.
VII. WAS ROACH ILLEGALLY SENTENCED AS AN HABITUAL OFFENDER?
¶ 21. In his seventh issue, Roach argues that he was illegally sentenced as an habitual offender because he was not given a separate trial pursuant to Rule 11.03 of the Uniform Circuit and County Court Rules. However, according to the record, after the jury was excused, the trial court conducted a separate hearing for the State to present evidence of the two prior felony convictions necessary to sentence Roach as an habitual offender. The State produced the evidence, Roach failed to object, and the trial court pronounced his sentence. This issue is without merit.
VIII. DID THE TRIAL COURT ERR IN FAILING TO PROVIDE ROACH WITH A HEARING ON HIS MOTION FOR A NEW TRIAL?
¶ 22. In his eighth issue, Roach argues that the trial court erred in failing to provide him with a hearing on his motion for a new trial. Roach filed a pro se motion for a new trial over eight months after trial. Although this motion was not ruled upon until December 2003, the trial court found Roach's motion to be without merit. Hearings on a motion for new trial are discretionary with the trial court. Jordan v. State, 786 So.2d 987, 1021 (¶ 125) (Miss.2001). Roach gives us no reason why the trial court abused its discretion in failing to conduct a hearing on his motion for a new trial. We are disinclined to guess. This issue is without merit.
IX. DID ROACH RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 23. In his last issue on appeal, Roach argues that he did not receive effective assistance of counsel. For a defendant to successfully prove ineffective assistance of counsel, the defendant must show that the counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a defendant raises an ineffective assistance of counsel claim on direct appeal, the question before this Court is whether the judge, as a matter of law, had a duty to declare a mistrial or order a new trial sua sponte, on the basis of trial counsel's performance. Colenburg v. State, 735 So.2d 1099, 1102(¶ 8) (Miss.Ct.App.1999). Roach *871 claims that his trial counsel was ineffective for failing to subpoena two of the State's witnesses, thereby depriving him of his right to confront witnesses, and for failing to timely perfect the appeal.
¶ 24. In his first contention, the two witnesses Roach mentions did not testify at trial. We fail to see how Roach's attorney was deficient in failing to subpoena these two witnesses who did not even testify at trial against Roach.
¶ 25. Roach's other contention is that his trial counsel failed to perfect the appeal. According to the record, his trial counsel did file a timely notice of appeal. Although the time between the notice of appeal and the assignment of the case to this Court is long, we fail to see how Roach can argue that his appellate rights were not preserved when, in fact, his appeal is now before this Court. Furthermore, Roach has failed to show how any actions by his trial counsel prejudiced his defense. This issue is without merit.
¶ 26. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF BREAKING AND ENTERING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., NOT PARTICIPATING.